# Exhibit A

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

8

| | |
|---|---|
| ERIC CARRAWAY SR., | NO. |
| Plaintiff, | SUMMONS |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC., ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, and GORDON, AYLWORTH, & TAMI, P.C., | |
| Defendants. | |

9

10

11

12

13

14

15

16  **TO THE DEFENDANT:** GORDON AYLWORTH & TAMI, P.C.:

17   A lawsuit has been started against you in the above-entitled court by the Plaintiff. This claim

18  is stated in the written Complaint, a copy of which is served upon you with this Summons.

19   In order to defend against this lawsuit, you must respond to the Complaint by stating your

20  defense in writing, and by serving a copy upon the person signing this Summons within twenty (20)

21  days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of

22  service, or a default judgment may be entered against you without notice. A default judgment is one

23  where a plaintiff is entitled to what has been asked for because you have not responded. If you serve

Summons - 1

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

a notice of appearance on the undersigned person, you are entitled to a notice before a default judgment may be entered.

If you wish to seek the advice of an attorney on this matter, you should do so promptly so that your written response, if any, may be served on time.

**THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Respectfully submitted this 31st day of May, 2023.

ANDERSON SANTIAGO, PLLC

By:_____
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Summons - 2

1

2

3

4

5

6

7            IN THE SUPERIOR COURT OF WASHINGTON
                    IN AND FOR KING COUNTY

8
ERIC CARRAWAY SR.,
9                                              NO.
                Plaintiff,
10                                             SUMMONS

            vs.
11
MIDLAND CREDIT MANAGEMENT,
12  INC., ABSOLUTE RESOLUTIONS
    INVESTMENTS, LLC, and GORDON,
13  AYLWORTH, & TAMI, P.C.,

14              Defendants.

15

16  **TO THE DEFENDANT:** ABSOLUTE RESOLUTIONS INVESTMENTS, LLC:

17          A lawsuit has been started against you in the above-entitled court by the Plaintiff.  This claim

18  is stated in the written Complaint, a copy of which is served upon you with this Summons.

19          In order to defend against this lawsuit, you must respond to the Complaint by stating your

20  defense in writing, and by serving a copy upon the person signing this Summons within twenty (20)

21  days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of

22  service, or a default judgment may be entered against you without notice.  A default judgment is one

23  where a plaintiff is entitled to what has been asked for because you have not responded.  If you serve

Summons - 1                                              **ANDERSON | SANTIAGO**
                                                         207B SUNSET BLVD. N.
                                                         RENTON, WA 98057
                                                         (206) 395-2665/F (206) 395-2719

a notice of appearance on the undersigned person, you are entitled to a notice before a default judgment may be entered.

If you wish to seek the advice of an attorney on this matter, you should do so promptly so that your written response, if any, may be served on time.

**THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Respectfully submitted this 31st day of May, 2023.

ANDERSON SANTIAGO, PLLC

By:_____
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Summons - 2

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

8

| ERIC CARRAWAY SR., | NO. |
|---|---|
| Plaintiff, | SUMMONS |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC., ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, and GORDON, AYLWORTH, & TAMI, P.C., | |
| Defendants. | |

16  **TO THE DEFENDANT:** MIDLAND CREDIT MANAGEMENT, INC:

17   A lawsuit has been started against you in the above-entitled court by the Plaintiff. This claim

18  is stated in the written Complaint, a copy of which is served upon you with this Summons.

19   In order to defend against this lawsuit, you must respond to the Complaint by stating your

20  defense in writing, and by serving a copy upon the person signing this Summons within twenty (20)

21  days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of

22  service, or a default judgment may be entered against you without notice. A default judgment is one

23  where a plaintiff is entitled to what has been asked for because you have not responded. If you serve

Summons - 1

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1  a notice of appearance on the undersigned person, you are entitled to a notice before a default

2  judgment may be entered.

3      If you wish to seek the advice of an attorney on this matter, you should do so promptly so that

4  your written response, if any, may be served on time.

5      **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

6  State of Washington.

7

8      Respectfully submitted this 31st day of May, 2023.

9

10                              ANDERSON SANTIAGO, PLLC

11                              By:_____
                                   Jason D. Anderson, WSBA No. 38014
12                                 Attorneys for Plaintiff
                                   787 Maynard Ave. S.
13                                 Seattle, WA 98104
                                   (206) 395-2665
14                                 (206) 395-2719 (fax)

15

16

17

18

19

20

21

22

23

Summons - 2

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

9

ERIC CARRAWAY SR.,

NO.

10

Plaintiff,

**COMPLAINT FOR VIOLATIONS OF 15
U.S.C. § 1692 ET SEQ. AND RCW
CHAPTERS 19.16 AND 19.86 ET SEQ.**

11

vs.

12

MIDLAND CREDIT MANAGEMENT,
INC., ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC, and GORDON,
AYLWORTH, & TAMI, P.C.,

13

14

Defendants.

15

16

17

COMES NOW Plaintiff, Eric Carraway Sr., by and through counsel, who alleges:

18

## I.    PARTIES AND JURISDICTION

19

1.    Plaintiff is an individual who resides in Washington State.

20

2.    Defendant Midland Credit Management, Inc. ("Midland"), a California

21

corporation, is a debt collector and collection agency doing business in Washington, and who

22

attempted to collect an alleged debt from the Plaintiff.  Midland's registered agent is Corporation

23

Service Company, 300 Deschutes Way SW Suite 208 MC-CSC1, Tumwater, WA 98501.

3.    Defendant Absolute Resolutions Investments, LLC ("ARI"), an Arizona limited

Complaint - 1

1   liability company, is a debt collector and collection agency doing business in Washington, and

2   who attempted to collect an alleged debt from the Plaintiff. ARI's registered agent is URS

3   Agents, Inc., 1780 Barnes Blvd. SW, Tumwater, WA 98512.

4       4.      Defendant Gordon, Aylworth, & Tami, PC ("GAT"), an Oregon Domestic

5   Professional Corporation, is a debt collector and collection agency doing business in

6   Washington, and who attempted to collect an alleged debt from the Plaintiff. GAT, which has no

7   registered agent in Washington, and is not registered with the Washington Secretary of State, has

8   an Oregon registered agent as follows: Matthew Aylworth, P.C., 4023 W. First Ave, Eugene, OR

9   97402.

10      5.      Jurisdiction over Defendants is proper as Defendants are doing business in

11  Washington State and venue is appropriate in King County, Washington.

12                              **II.    FACTS**

13      6.      In December 2022, Plaintiff Eric Carraway Sr. was informed by his employer that

14  his wages were being garnished by Defendants GAT and Midland. *See* writ of garnishment is

15  attached as **Exhibit A**.

16      7.      Mr. Carraway was extremely confused as he was unaware that there was a lawsuit

17  filed against him. He was especially confused by the fact that the case had been brought in

18  Pierce County. Mr. Carraway has lived in Renton, WA (located in King County) for over fifteen

19  years.

20      8.      In March 2023, Mr. Carraway wanted to find out more about the debt by

21  contacting Midland and GAT. He asked for documents that would help him understand why he

22  allegedly owed money.

23      9.      GAT and Midland responded by providing Mr. Carraway with a copy of the

Complaint - 2                                     **ANDERSON | SANTIAGO**
                                                  207B SUNSET BLVD. N.
                                                  RENTON, WA 98057
                                                  (206) 395-2665/F (206) 395-2719

1   Court's case file, among other documents. The documents contained a copy of a default

2   judgment that had been entered against him in July 2022 in the amount of $1,562.86. *See*

3   Midland default judgment attached as **Exhibit B**.

4       10.     A default judgment is, of course, entered when a defendant does not respond to a

5   lawsuit after service of process. However, Mr. Carraway was never served with the lawsuit.

6       11.     While Mr. Carraway lived in Renton, a process server had apparently gone to an

7   address in Puyallup (located in Pierce County) to serve the lawsuit. *See* Midland service of

8   process attached as **Exhibit C**.

9       12.     Mr. Carraway informed GAT that he had not been served the lawsuit since it was

10  served to a residence in a city and county where he did not live. GAT ignored him and instead

11  offered to allow him to make monthly payments instead of being garnished. *See* e-mail

12  correspondence attached as **Exhibit D**.

13      13.     Untrained in the law and fearing for his financial well-being, Mr. Carraway felt he

14  had no choice but to acquiesce to monthly payments, ultimately agreeing with GAT, in principle,

15  to pay $200 per month.

16      14.     GAT provided Mr. Carraway with login information to its website to make

17  payments. However, when Mr. Carraway logged in to GAT's website to make a payment, the

18  balance that was allegedly owed was over $8,000.

19      15.     When Mr. Carraway confronted GAT about the inflated balance on Mach 28,

20  2023, he received no response. *See* **Exhibit D**.

21      16.     Since GAT would not respond to his e-mailed inquiry, Mr. Carraway decided to

22  send a letter containing his address information (including a copy of his driver's license showing

23  a Renton address) and asked for an explanation of the giant increase in balance.

Complaint - 3

**ANDERSON | SANTIAGO**
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

17.     By late April, Mr. Carraway had received no explanation as to why the balance had jumped from approximately $1,600 to over $8,000, but GAT made sure to continue to hound him about making his first payment. *Id.*

18.     In early May, GAT (partially) responded to Mr. Carraway's letter. While again ignoring the fact that Mr. Carraway did not live in Puyallup, or in Pierce County, and ignoring that he was not served, GAT explained that it had obtained a second judgment for a different account on behalf of Defendant ARI. *See* additional e-mail correspondence attached as **Exhibit E**.

19.     GAT provided the case number to Mr. Carraway for the ARI judgment, so he went to the Pierce County District Court and obtained a copy of the court's file.

20.     GAT and ARI had obtained a default judgment in the amount of $8,290.54. *See* ARI default judgment attached as **Exhibit F**.

21.     The default judgment was obtained based on service of process to the same address in Puyallup, located in Pierce County. *See* ARI service of process attached as **Exhibit G**. Again, Mr. Carraway lives in Renton, WA, which is in King County.

22.     Mr. Carraway also learned, by obtaining the court's file, that GAT and ARI had attempted to garnish his wages in September 2022, though it is unclear what the result of that garnishment was.

23.     In sum, GAT and Midland had obtained a judgment and initiated a garnishment against Mr. Carraway's wages when they had filed the lawsuit in the wrong county, never served him with the lawsuit, and despite having knowledge that the judgment was void for lack of service.

24.     Ostensibly, GAT and Midland maintained the garnishment to pressure Mr.

Complaint - 4

1   Carraway into making monthly payments.

2        25.    To date, GAT and Midland have taken no actions to stop the illegitimate

3   garnishment or vacate the illegitimate judgment.

4        26.    Similarly, GAT and ARI obtained a default judgment and initiated a garnishment

5   against Mr. Carraway's wages. They filed the lawsuit in the wrong county, and never served Mr.

6   Carraway with the lawsuit.

7        27.    Moreover, despite Mr. Carraway providing GAT and ARI with specific

8   information regarding the lack of service and the void judgment, they have taken no action to

9   vacate the judgment or return any funds to Mr. Carraway.

10       28.    As a result of Defendants' actions detailed above, Mr. Carraway has incurred

11   expenses in seeking and retaining counsel in connection with ascertaining his legal rights and

12   responsibilities, on information and belief has suffered damaged credit, and has suffered

13   financial uncertainty, unease, and distress caused by Defendants' tactics and communications,

14   which are false, misleading, improper, and/or confusing.

15                 **III.    CAUSES OF ACTION**

16         **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

17       29.    With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. §

18   1692a(3) and each Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

19       30.    With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW

20   19.16.100(8) and each Defendant is a collection agency as defined by RCW 19.16.100(4).

21       31.    For claims arising under the Fair Debt Collection Practices Act, such claims are

22   assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499

23   F.3d 926, 934 (9th Cir. 2007).

ANDERSON | SANTIAGO
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

1

**Count 1 (and all subcounts)**

2      32.    A debt collector may not use any false, deceptive, or misleading representation or

3   means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a

4   violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2).

5      33.    Defendants made false, deceptive, and misleading representations when they took

6   the following actions:

7          a.   Obtained a default judgment when Mr. Carraway was never served with the

8             lawsuit;

9          b.   Issued a writ of garnishment on a void judgment;

10          c.   Maintained a judgment and garnishment that were obtained without proper

11             service of process, despite knowledge that Mr. Carraway was never served;

12          d.   Improperly leveraged a void judgment to induce payments from Mr. Carraway

13      34.    GAT made false, deceptive, and misleading representations when it negotiated a

14   payment plan on one judgment and guided him to make that payment on a different judgment

15   entirely (of which Mr. Carraway was completely unaware).

16      35.    Therefore, Defendants violated 15 U.S.C. § 1692e and/or § 1692e(2).

17

**Count 2 (and all subcounts)**

18      36.    A debt collector may not use unfair or unconscionable means to collect or attempt

19   to collect any debt. 15 U.S.C. § 1692f.

20      37.    Plaintiff realleges paragraph 33, *supra.*

21      38.    GAT used unfair and unconscionable means to collect or attempt to collect a debt

22   when it negotiated a payment plan on one judgment and guided him to make that payment on a

23   different judgment entirely (of which Mr. Carraway was completely unaware).

Complaint - 6

**ANDERSON | SANTIAGO**
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

1    39.    For the above-stated reasons, Defendants therefore violated 15 U.S.C. § 1692f on

2    multiple occasions.

### Count 3

4    40.    A debt collector shall bring legal action only in the judicial district or similar legal

5    entity in which a consumer resides at the commencement of the action.  15 U.S.C. §

6    1692i(a)(2)(B).

7    41.    Here, Defendants brought lawsuits against Mr. Carraway in Pierce County, WA

8    when in fact he lives in King County, WA.

9    42.    Defendants therefore violated 15 U.S.C. § 1692i.

### GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS

11    43.    Violations of RCW 19.16.250 are per se violations of the Consumer Protection

12    Act ("CPA"), RCW chapter 19.86.[1]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble

13    damages (to a limit of $25,000) and attorney's fees.

14    44.    Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

15    counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

16    45.    Even minimal or nominal damages constitute "injury" under the CPA.  *Panag*,

17    166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even

18    "unquantifiable damages" suffice to establish "injury" for purposes of the CPA.  *Id.* (citing

19    *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

### Count 4

21    46.    A collection agency may not collect or attempt to collect any sum other than

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 7

1   principal, allowable interest, collection costs or handling fees expressly authorized by statute, and

2   in the case of suit attorney's fees and taxable court costs.  RCW 19.16.250(21).

3       47.    Here, Defendants collected and attempted to collect numerous items that were not

4   allowable:

5           a.   Attorney's fees that were improper given the fact that Mr. Carraway had never been

6               served and a default judgment should not have been entered;

7           b.   Unnecessary litigation costs and garnishment fees for the same reason;

8           c.   Interest that was only awarded due to Defendants obtaining an improper judgment

9       48.    The issues identified in paragraph 47 were exacerbated when Defendants

10  maintained the improper judgments and garnishments, despite knowledge that the case against Mr.

11  Carraway had been filed in the wrong county, and that Mr. Carraway had never been served with

12  process.

13      49.    Defendants therefore violated RCW 19.16.250(21).

14                       **Count 5**

15      50.    RCW 19.16.250(15) prohibits a collection agency from communicating with the

16  debtor and representing that the existing obligation may be or has been increased by the addition

17  of fees when such fees may not be legally added.

18      51.    Defendants added fees and interest that were only awarded as a consequence of

19  false statements and misrepresentations (namely, in the judgment), which then led to Defendants

20  seeking further costs in the writs of garnishment.  Neither should have occurred, for reasons stated

21  above.

22      52.    The issues identified in paragraph 51 were exacerbated when Defendants

23  maintained the improper judgments and garnishments, despite knowledge that the case against Mr.

Complaint - 8

1    Carraway had been filed in the wrong county, and that Mr. Carraway had never been served with

2    process.

3        53.    Therefore, Defendants violated RCW 19.16.250(15) on several occasions.

**Count 6**

5        54.    A violation of the FDCPA constitutes a per se violation of Washington's Consumer

6    Protection Act. *Hoffman v. Transworld Sys., Inc.*, 806 Fed. Appx. 549, 552 (9th Cir. 2020).

7        55.    Plaintiffs reallege Counts I and II as violating the CPA on a per se basis.

8        56.    Defendant therefore violated RCW 19.86.090 on numerous occasions.

**Count 7 – Injunctive Relief**

10       57.    A plaintiff may seek injunctive relief for violations of the Consumer Protection

11   Act. RCW 19.86.090.

12       58.    Plaintiff does seek injunctive relief from this Court which would enjoin

13   Defendants from collecting debts in the manner described above from both Plaintiff and any

14   other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

15       59.    Specifically, Plaintiff seeks an injunction prohibiting Defendants from obtaining

16   and maintaining default judgments against a party not served with service of process.

17   Additionally, Plaintiff seeks and injunction prohibiting Defendants from garnishing wages based

18   on void judgments, and maintaining garnishments despite knowledge that the underlying

19   judgment is void.

20       60.    Plaintiff has reason to believe these actions make up a pattern and practice of

21   behavior and have impacted other individuals similarly situated.

22       61.    Injunctive relief is necessary to prevent further injury to Plaintiff and to the

23   Washington public as a whole.

Complaint - 9

1    62.    Injunctive relief should therefore issue as described herein.

2                        IV.  **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff prays:

4    1.    For Judgment against Defendants for actual damages.

5    2.    For statutory damages of $1,000.00 for FDCPA violations, per Defendant.

6    3.    For statutory damages of $7,500.00 per violation for Washington Collection

7    Agency Act and Consumer Protection Act violations, per Defendant.

8    4.    For treble damages, pursuant to RCW 19.86.090, calculated from the damages

9    determined by the court.

10    5.    For costs and reasonable attorney's fees as determined by the Court pursuant to

11    15 U.S.C. 1692k(a)(3) and other applicable law.

12    6.    For injunctive relief pursuant to RCW 19.86.090 as described above.

13

14    Respectfully submitted this 31st day of May, 2023.

15

16                              ANDERSON SANTIAGO, PLLC

17
       By:_____
18     Jason D. Anderson, WSBA No. 38014
       Attorneys for Plaintiff
19     787 Maynard Ave. S.
       Seattle, WA 98104
20     (206) 395-2665
       (206) 395-2719 (fax)
21

22

23

Complaint - 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

1
2
3
4
5
6
7
8
9    IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
10                    FOR PIERCE COUNTY

11   MIDLAND CREDIT MANAGEMENT, INC.,

12                              Plaintiff,        Case No. 731800

13       vs.

14   ERIC CARRAWAY,                               WRIT OF GARNISHMENT
                                                  CONTINUING LIEN ON EARNINGS
15                              Defendant,        (60 days)
                                                  AND DECLARATION FOR
16       vs.                                      GARNISHMENT
17   TRANSPORTATION AGENT GRID LP,                **This garnishment is based on a
                                                  judgment or order for consumer
18                    Garnishee Defendant.        debt.**

19
20   THE STATE OF WASHINGTON, TO: TRANSPORTATION AGENT GRID LP,

21   Garnishee; and to, Eric Carraway Defendant;

22       The above-named Plaintiff has issued this Writ of Garnishment (constituting a

23   continuing lien on earnings) against you, claiming that the above-named Defendant is

24   indebted to Plaintiff and that the amount to be held to satisfy that indebtedness is

25   1658.88, consisting of:

26       //

27       //

28       //

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Page – 1 – Writ of Garnishment
Case No. 731800

| | |
|---|---|
| Original Judgment Total | $1562.86 |
| Interest Accruing at a daily charge of | $0.39 |
| **No interest accrued on this judgment from April 14 through May 31, 2020.** | |
| Post Judgment Interest from July 18, 2022 to November 30, 2022 | $52.02 |
| Less Payments on Judgment: | $0.00 |
| Total Prior Garnishment Costs | $0.00 |
| Other Allowable Post Judgment Costs | $0.00 |
| Current Garnishment Costs: | $44.00 |
| Consisting of: Filing Fee & Ex Parte Fee: Certified Mail: | $32.00 $12.00 |
| Total Amount Owed: | $1658.88 |

**THIS IS A WRIT FOR A CONTINUING LIEN. THE GARNISHEE SHALL HOLD** the nonexempt portion of the Defendant's earnings due at the time of service of this writ and shall also hold the Defendant's nonexempt earnings that accrue through the last payroll period ending on or before SIXTY (60) days after the date of service of this writ. **HOWEVER, IF THE GARNISHEE IS PRESENTLY HOLDING THE NONEXEMPT PORTION OF THE DEFENDANT'S EARNINGS UNDER A PREVIOUSLY SERVED WRIT FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD UNDER THIS WRIT** only the Defendant's nonexempt earnings that accrue from the date the previously served writ or writs terminate and through the last payroll period ending on or before sixty (60) days after the date of the termination of the previous writ or writs. **IN EITHER CASE, THE GARNISHEE SHALL STOP WITHHOLDING WHEN THE SUM WITHHELD EQUALS THE AMOUNT STATED IN THIS WRIT OF GARNISHMENT.**

**YOU ARE HEREBY COMMANDED**, unless otherwise directed by the court or by this writ not to pay any debt, whether earnings subject to this garnishment or any other debt, owed to the defendant at the time this writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the defendant in your possession or control at the time when this writ was served. Any such payment, delivery, sale, or transfer is void to the extent necessary to satisfy the plaintiff's claim and costs for this writ with interest.

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

1   **YOU ARE FURTHER COMMANDED** to answer this writ by filling in the attached form
2   according to the instructions in this writ and in the answer forms and, within twenty days
3   after the service of the writ upon you, to mail or deliver the original of such answer to the
    court, one copy to the plaintiff or the plaintiff's attorney, and one copy to the defendant at
4   the addresses listed at the bottom of the writ.

5   If, at the time this writ was served, you owed the defendant any earnings (that is, wages,
    salary, commission, bonus, or other compensation for personal services or any periodic
6   payments pursuant to nongovernmental pension or retirement program), the defendant is
7   entitled to receive amounts that are exempt from garnishment under federal and state
    law. You must pay the exempt amounts to the defendant on the day you would
8   customarily pay the compensation or other periodic payment. As more fully explained in
9   the answer, the basic exempt amount is the greater of seventy-five percent of disposable
    earnings or a minimum amount determined by reference to the employee's pay period, to
10  be calculated as provided in the answer. However, if this writ carries a statement in the
    heading of **"This garnishment is based on a judgment or order for consumer debt,"**
11  the basic exempt amount is the greater of eighty percent of disposable earnings, or
12  thirty-five times the state minimum hourly wage

13  **IF THIS IS A WRIT FOR A CONTINUING LIEN ON EARNINGS, YOU MAY DEDUCT
    A PROCESSING FEE FROM THE REMAINDER OF THE EMPLOYEE'S EARNINGS
14  AFTER WITHHOLDING UNDER THE GARNISHMENT ORDER, NOT TO EXCEED
15  TWENTY DOLLARS FOR THE FIRST DISBURSEMENT. YOU MAY DEDUCT THE
    PROCESSING FEE OF TWENTY DOLLARS AT THE TIME YOU REMIT THE FIRST
16  ANSWER AND TEN DOLLARS AT THE TIME YOU SUBMIT THE SECOND
    ANSWER.**

17
18  If you owe the defendant a debt payable in money in excess of the amount set forth in
    the first paragraph of this writ, hold only the amount set forth in the first paragraph and
19  any processing fee if one is charged and release all additional funds or property to
    defendant.

20  FOR ALL DEBTS EXCEPT PRIVATE STUDENT LOAN DEBT AND CONSUMER DEBT:

21  If you are a bank or other institution in which the defendant has accounts to which the
    exemption under RCW 6.15.010(1)(d)(ii)(A) applies and the total of the amounts held in
22  all of the defendant's accounts is less than or equal to $500, release all funds or property
    to the defendant and do not hold any amount. If you are a bank or other institution in
23  which the defendant has accounts to which the exemption under RCW
    6.15.010(1)(d)(ii)(A) applies and the total of the amounts held in all of the defendant's
24  accounts is in excess of $500, release at least $500, hold no more than the amount
    set forth in the first paragraph of this writ and any processing fee if one is charged,
25  and release additional funds or property, if any, to the defendant.

26  FOR PRIVATE STUDENT LOAN DEBT AND CONSUMER DEBT:

27  If you are a bank or other institution in which the defendant has accounts to which the
    exemption under RCW 6.15.010(1)(d)(ii)(B) or (C)applies and the total of the amounts
28  held in all of the defendant's accounts is less than or equal to $1,000, release all funds or

Page – 4 – Writ of Garnishment
Case No. 731800

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

property to the defendant and do not hold any amount. If you are a bank or other institution in which the defendant has accounts to which the exemption under RCW 6.15.010(1)(d)(ii)(B) or (C) applies and the total of the amounts held in all of the defendant's accounts is in excess of $1,000, release at least $1,000, hold no more than the amount set forth in the first paragraph of this writ and any processing fee if one is charged, and release additional funds or property, if any, to the defendant.

**IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE PLAINTIFF'S CLAIM AGAINST THE DEFENDANT WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE ANYTHING TO THE DEFENDANT. IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.**

**JUDGMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES INCURRED BY THE PLAINTIFF.**

**This Writ is issued by the undersigned attorney of record for Plaintiff under the authority of Chapter 6.27 RCW and must be complied with in the same manner as a writ issued by the clerk of the court.**

Dated: December ___1___, 2022.

Gordon, Aylworth & Tami, P.C.

[ ] Matthew R. Aylworth, WSBA #37892
[ ] Eleanor Tami, WSBA #45038
[ ] Taylor K. Jennings, WSBA #55320
M Parker R. Brigance, WSBA #57467
[ ] Vanessa R. Jackson, WSBA #60212
Of Attorneys for Plaintiff
PO Box 22338
Eugene, OR 97402

**Employee name:** Eric Carraway
**Address:** 18130 75th Ave E, Puyallup WA 98375
**Social Security No.** ***-**-0836

**Court Address:**
Pierce County District Court
930 Tacoma Ave S Rm 239
Tacoma WA 98402-2102

Page – 4 – Writ of Garnishment
Case No. 731800

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

1
2

## **DECLARATION FOR GARNISHMENT**

3
4
5
6
7
8

Plaintiff holds an unsatisfied Judgment against Defendant(s) entered on July 18, 2022 with a balance due under said Judgment in the amount of $1658.88 plus interest and costs. The Plaintiff has reason to believe, and does believe, that the above-named Garnishee is indebted to the Defendant in amounts exceeding those exempted from Garnishment by any state or federal law, or that the Garnishee has possession or control of personal property of effects belonging to the Defendant which are not exempted from garnishment by any state or federal law. The Garnishee is the employer of the Judgment Debtor. To the best of the undersigned's knowledge, the Garnishee's address is:

PO BOX 5045, HAYWARD CA 94540

9
10

I certify under penalty of perjury, under the law of the State of Washington, that the foregoing is true and correct.

11
12
13

Dated: December 1____, 2022
at Eugene, OR

14
15
16
17
18
19

Gordon, Aylworth & Tami, P.C.

[ ] Matthew R. Aylworth, WSBA #37892
[ ] Eleanor Tami, WSBA #45038
[ ] Taylor K. Jennings, WSBA #55320
[✓] Parker R. Brigance, WSBA #57467
[ ] Vanessa R. Jackson, WSBA #60212
Of Attorneys for Plaintiff

20
21
22
23
24
25
26
27
28

Page – 5 – Declaration for Garnishment
Case No. 731800

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1ˢᵗ Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

Conformed Copy



FILED
BY PIERCE COUNTY DISTRICT COURT

JUL 18 2022

STATE OF WASHINGTON

RECEIVED
JUL 22 2022
BY:

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

MIDLAND CREDIT MANAGEMENT,
INC.,

                              Plaintiff,

vs.

ERIC CARRAWAY,

                              Defendant(s).

Case No. 731800

ORDER OF DEFAULT AND JUDGMENT

## Judgment Summary

NAME OF JUDGMENT CREDITOR
Midland Credit Management, Inc.
c/o Gordon, Aylworth & Tami, P.C.
4023 W 1st Ave
P.O. Box 22338
Eugene, OR 97402

NAME OF JUDGMENT CREDITOR'S ATTORNEY
Gordon, Aylworth & Tami, P.C.
4023 W 1st Ave
P.O. Box 22338
Eugene, OR 97402

NAME OF JUDGMENT DEBTOR
Eric Carraway
18130 75th Ave E
Puyallup WA 98375
DOB: **/**/1965
SS#: ***-**-0836
Driver's License State of Issuance and Number: Not Known
Defendant's Attorney: Not Known

| Filing Fee: | $ 83.00 | | Principal: | $ 1,397.36 |
|---|---|---|---|---|
| Service Fees: | $ 62.50 | | Total Judgment: | $ 1,562.86 |
| Court Costs: | $ 20.00 | | | |
| Total Costs: | $ 165.50 | | | |

Interest will accrue at the rate of 9% per annum on the judgment.

Page 1 – Order of Default and Judgment
Case No. 731800

Conformed Copy

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338 Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059 Email: info@gatlawfirm.com

Conformed Copy

## Order and Judgment

THIS MATTER having come on regularly before the undersigned Judge of the above-named court upon the plaintiff's motion and declaration for default and judgment against the above-named defendant(s), being duly advised in the premises, NOW, THEREFORE,

IT IS ORDERED that the defendant(s) Eric Carraway is found to be in default and a judgment shall be entered for the principal balance of $1,397.36, plus costs in the amount of $165.50. Defendant(s) is in default for a total of $1,562.86. Interest will accrue at the rate of 9% per annum on the judgment.

DATED: _____ **JUL 1 8 2022**

**Sandra Allen**
**Pro Tem Judge**

_____
Judge

Presented by:
Gordon, Aylworth & Tami, P.C.

[ ] Matthew R. Aylworth, WSBA #37892
[ ] Eleanor Tami, WSBA #45038
[ ] Taylor K. Jennings, WSBA #55320
[ ] Parker R. Brigance, WSBA #57467
of Attorneys for Plaintiff

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338 Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059 Email: info@gatlawfirm.com

Page 2 — Order of Default and Judgment
Case No. 731800

Conformed Copy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT C

IN THE PIERCE COUNTY DISTRICT COURT, IN AND FOR THE STATE OF WASHINGTON

| | |
|---|---|
| **Midland Credit Management, Inc.** | Cause No.: **731800** |
| Plaintiff/Petitioner | Hearing Date: |
| vs. | |
| **Eric Carraway** | DECLARATION OF SERVICE OF |
| Defendant/Respondent | **Summons; Complaint; Collection Agency License** |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **14th day of March, 2022** at **3:46 PM** at the address of **18130 75th Ave E, Puyallup,, Pierce County, WA 98375**; this declarant served the above described documents upon **Eric Carraway** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Eric Carraway, I delivered the documents to Eric Carraway with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black male contact 55-65 years of age, 5'8"-5'10" tall and weighing 240-300 lbs.**.
No information was provided or discovered that indicates that the subjects served are members of the United States military.

Total Service Fees as of 3/14/2022: **$62.50**

Declarant hereby states under penalty of perjury under the laws of the State of Washington that the statement above is true and correct.

Date:  03/14/2022

**Ryan Wray, Reg. # 26156, Pierce County, WA**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 1

For: **Gordon, Aylworth & Tami, P.C.**
Ref #: **6011463389**

Tracking #: **0084162942**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT D

**From:** "Eric CarrawaySr." <carrawaysr@gmail.com>
**Date:** May 8, 2023 at 10:54:54 PDT
**To:** "Mr. Carraway" <ericcarrawaysr@yahoo.com>
**Subject: Fwd: Payment of $200**

---------- Forwarded message ---------
From: **Matthew Aylworth** <maylworth@gatlawfirm.com>
Date: Mon, May 8, 2023 at 09:22
Subject: RE: Payment of $200
To: carrawaysr@gmail.com <carrawaysr@gmail.com>

Matthew R. Aylworth

Managing Attorney

4023 W 1st Ave Eugene, OR 97402

800-311-8566 x 3

maylworth@gatlawfirm.com

This Communication is from a debt collector.

This message (including any attachments) contains confidential information intended for a specific
individual and purpose, and is protected by law. If you are not the intended recipient, you should

delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

Still looking for that first payment.  Can you let me know when we can expect that? $200 is now 8 days overdue.  Please let me know what your plans are.

---------- Forwarded message ---------
From: **Matthew Aylworth** <maylworth@gatlawfirm.com>
Date: Fri, Apr 21, 2023 at 08:11
Subject: RE: Payment of $200
To: carrawaysr@gmail.com <carrawaysr@gmail.com>

When do you think we can expect that first payment?  Will you be paying before the end of April?

Thanks,

Matthew R. Aylworth

Managing Attorney

4023 W 1st Ave Eugene, OR 97402

800-311-8566 x 3

maylworth@gatlawfirm.com

This Communication is from a debt collector.

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

---

**From:** Matthew Aylworth
**Sent:** Friday, March 31, 2023 10:57 AM
**To:** 'Eric CarrawaySr.' <carrawaysr@gmail.com>

**Subject:** RE: Payment of $200

Just follow the instructions in the email below in this chain to log on to our website and make your payment. Or call our office and my staff can assist you.

Matthew R. Aylworth

Managing Attorney

4023 W 1st Ave Eugene, OR 97402

800-311-8566 x 3

maylworth@gatlawfirm.com

This Communication is from a debt collector.

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

**From:** Eric CarrawaySr. <carrawaysr@gmail.com>
**Sent:** Friday, March 31, 2023 10:33 AM
**To:** Matthew Aylworth <maylworth@gatlawfirm.com>
**Subject:** Payment of $200

Good morning Matthew, how do I make the first payment to you of $200 that we agreed on for you to stop the garnishments.

On Tue, Mar 28, 2023 at 20:18 Eric CarrawaySr. <carrawaysr@gmail.com> wrote:

> I just looked at the balance of this debt $8000? I have never had a credit card with the balance of $ 8000 before from credit one. I will call credit one in the morning to see where this amount is coming from. I might have to add this to my chapter 13 bankruptcy documents.

On Sun, Mar 26, 2023 at 10:07 Eric CarrawaySr. <carrawaysr@gmail.com> wrote:

I will make the first payment on 03/31/23 in the amount of $200.

On Fri, Mar 24, 2023 at 07:55 Matthew Aylworth <maylworth@gatlawfirm.com> wrote:

Thank you.  Let's do it.

Please go to www.gatlawfirm.com and make your first payment.  You'll need reference number 6011481571.  Once you have made your first payment I will release the garnishment.  After that, one payment per month at $200 will ensure that no more garnishments occur.

Thank you,

Matt

Matthew R. Aylworth

Managing Attorney

4023 W 1st Ave Eugene, OR 97402

800-311-8566 x 3

maylworth@gatlawfirm.com

This Communication is from a debt collector.

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

**From:** Eric CarrawaySr. <carrawaysr@gmail.com>
**Sent:** Thursday, March 23, 2023 5:29 PM
**To:** Matthew Aylworth <maylworth@gatlawfirm.com>
**Subject:** Re: Validation of Debt | March 21, 2023 | Gordon, Aylworth & Tami, P.C.

What would work for me is $200.00 a month

On Thu, Mar 23, 2023 at 16:12 Matthew Aylworth
<maylworth@gatlawfirm.com> wrote:

> That's up to you.  What fits in your budget?
>
>
> Matthew R. Aylworth
>
> Managing Attorney
>
> 4023 W 1st Ave Eugene, OR 97402
>
> 800-311-8566 x 3
>
> maylworth@gatlawfirm.com
>
>
> This Communication is from a debt collector.
>
> This message (including any attachments) contains confidential information intended
> for a specific individual and purpose, and is protected by law. If you are not the
> intended recipient, you should delete this message and are hereby notified that any
> disclosure, copying, or distribution of this message, or the taking of any action based
> on it, is strictly prohibited.

**From:** Eric CarrawaySr. <carrawaysr@gmail.com>
**Sent:** Thursday, March 23, 2023 4:10 PM
**To:** Matthew Aylworth <maylworth@gatlawfirm.com>
**Subject:** Re: Validation of Debt | March 21, 2023 | Gordon, Aylworth & Tami,
P.C.

How much are you asking  a month? I am in the procedure of filing chapter
13 bankruptcy. To stay over again . However, if the monthly payment

reasonable, I will not include this in my chapter 13 bankruptcy. Let me know a dollar amount that you feel that's reasonable a month.

Thank you


On Thu, Mar 23, 2023 at 08:08 Matthew Aylworth <maylworth@gatlawfirm.com> wrote:

I'm sorry that what we sent you was not satisfying.  There are no signed documents in our file, rather billing statements with your name and charges and payments.  That is what we showed to the Court to support our client's claim.

If you would rather discuss monthly payments instead of garnishment, please let me know.


Regards,


Matthew R. Aylworth

Managing Attorney

4023 W 1st Ave Eugene, OR 97402

800-311-8566 x 3

maylworth@gatlawfirm.com


This Communication is from a debt collector.

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.


**From:** Eric CarrawaySr. <carrawaysr@gmail.com>
**Sent:** Tuesday, March 21, 2023 4:25 PM
**To:** Dylan Johnston <djohnston@gatlawfirm.com>

**Subject:** Re: Validation of Debt | March 21, 2023 | Gordon, Aylworth & Tami, P.C.

To whom it concern

The document you sent doesn't state that I am responsible for this debt. I have not seen my signature on none of these documentation, so therefore this is not my debts. Once again, I have not seen my signature on any of these documentations that you sent to me. I haven't been served any papers concerning this procedure. Your  paperwork was given to the wrong Eric Carraway .

Papers was not served to me.

On Tue, Mar 21, 2023 at 16:13 Dylan Johnston <djohnston@gatlawfirm.com> wrote:

> Good afternoon,
>
> Please find your requested validation of debt attached.
>
> As the document contains sensitive information, it is password protected. The password is your date of birth in the format MMDDYYYY.
>
> If you have any questions or concerns, please contact us at the number listed below.
>
> Best,
>
> --
>
> Dylan Johnston
>
> Client Services Liaison
>
> **Gordon, Aylworth & Tami, P.C.**

PO Box 22338

*or*

4023 W 1st Ave.

Eugene, OR 97402

Tel: 800-311-8566

Fax: 541-343-8059

Email:djohnston@gatlawfirm.com

Web: gatlawfirm.com

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Office Hours: Monday through Thursday 8:00 a.m. to 5:00 pm and Friday 8:00 a.m. to 4:00 p.m., Pacific Time.

If you wish to OPT-OUT of future email communications, please reply to this email with the words "Opt-out" in the subject line.

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT E

**From:** "Eric CarrawaySr." <carrawaysr@gmail.com>
**Date:** May 8, 2023 at 12:01:40 PDT
**To:** "Mr. Carraway" <ericcarrawaysr@yahoo.com>
**Subject: Fwd: Your written dispute**

---------- Forwarded message ---------
From: **Matthew Aylworth** <maylworth@gatlawfirm.com>
Date: Mon, May 8, 2023 at 11:53
Subject: Your written dispute
To: carrawaysr@gmail.com <carrawaysr@gmail.com>

Mr. Carraway,

I sent you an email following up on proposed payments earlier today. That was before
I saw your dispute letter. I'll try to explain.

We are attempting to collect two different accounts from you. The first is a Midland
claim stemming from your credit one bank account with a balance of $1,676.15. This is
case number 731800 and our internal account number 6011463389.

The second is an Absolute Resolutions judgment, case number 732032, who purchased
your Citibank Costco account with a balance of $8,875.20, and our account number is
6011481571.

If you log in to our website to make a payment you can only see one account at a time.  Hence, if you accidentally put in the wrong account number, you'll see a very different balance.


Does that make sense?


Matthew R. Aylworth

Managing Attorney

4023 W 1st Ave Eugene, OR 97402

800-311-8566 x 3

maylworth@gatlawfirm.com


This Communication is from a debt collector.

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

1
2
3
4
5
6
7
8
9
10
11          # EXHIBIT F
12
13
14
15
16
17
18
19
20
21
22
23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1ˢᵗ Ave / P.O. Box 22338 Eugene, OR 97402
Phone: (541) 342-2376 Fax: (541) 342-8059 Email: info@gatlawfirm.com

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
FOR PIERCE COUNTY

ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC,

Plaintiff,

vs.

ERIC E CARRAWAY, SR aka ERIC
CARRAWAY,

Defendant(s).

Case No. 732032

ORDER OF DEFAULT AND JUDGMENT

### Judgment Summary

NAME OF JUDGMENT CREDITOR
ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC,
c/o Gordon, Aylworth & Tami, P.C.
4023 W 1ˢᵗ Ave
P.O. Box 22338
Eugene, OR 97402

NAME OF JUDGMENT CREDITOR'S ATTORNEY
Gordon, Aylworth & Tami, P.C.
4023 W 1ˢᵗ Ave
P.O. Box 22338
Eugene, OR 97402

NAME OF JUDGMENT DEBTOR
Eric E Carraway, Sr
18130 75th Ave E
Puyallup WA 98375
DOB: **/**/1965
SS#: ***-**-0836
Driver's License State of Issuance and Number: Not Known
Defendant's Attorney: Not Known
//
//
//
//
//
//

Page 1 – Order of Default and Judgment   Case No.732032

| | | | |
|---|---|---|---|
| Filing Fee: | $83.00 | Principal: | $8,127.54 |
| Service Fees: | $60.00 | Total Judgment | $8,290.54 |
| Court Costs: | $20.00 | | |
| Total Costs | $163.00 | | |

## Order and Judgment

THIS MATTER having come on regularly before the undersigned Judge of the above-named court upon the plaintiff's motion and declaration for default and judgment against the above-named defendant(s), being duly advised in the premises, NOW, THEREFORE,

IT IS ORDERED that the defendant(s) Eric E Carraway, Sr found to be in default and a judgment shall be entered for the principal balance of $8,127.54, plus interest on the principal balance at 9% per annum from the date of judgment until paid; plus costs in the amount of $163.00, with interest thereon at 9% per annum from the date of this judgment until paid. Defendant(s) is in default for a total of $8,290.54.

DATED: _____7-26-2022_____

_____
Judge

Stephen L. Gregorich
Judge Pro Tem

Presented by:
Gordon, Aylworth & Tami, P.C.

_____
[√] Matthew R. Aylworth, WSBA #37892
[ ] Eleanor Tami, WSBA #45038
[ ] Taylor K. Jennings, WSBA #55320
[ ] Parker R. Brigance, WSBA #57467
of Attorneys for Plaintiff

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338  Eugene, OR 97402
Phone: (541) 342-2276  Fax: (541) 343-8059  Email: info@gatlawfirm.com

Page 2 – Order of Default and Judgment   Case No.732032

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT G



**DISTRICT COURT, PIERCE COUNTY, WASHINGTON**

| Plaintiff / Petitioner:<br>ABSOLUTE RESOLUTIONS INVESTMENTS LLC | Case No:<br>732092 |
|---|---|
| Defendant / Respondent:<br>ERIC E. CARRAWAY, SR AKA ERIC CARRAWAY | DECLARATION OF SERVICE |

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on TUESDAY, MARCH 22, 2022 at 6:13 PM, at the address of 18130 75TH AVE E, PUYALLUP, WA 98375, within PIERCE COUNTY, the undersigned duly served the following document(s): SUMMONS; COMPLAINT (FOR BREACH OF CONTRACT); and BUSINESS LICENSE in the above entitled action upon ERIC E. CARRAWAY, SR AKA ERIC CARRAWAY 071125, by then and there, at the residence and usual place of abode of said person(s), personally delivering one (1) true and correct copy of the above documents into the hands of and leaving same with ERIC CARRAWAY.

Description:
ADULT MALE, APPROXIMATELY 28 YEARS OF AGE, 5'11" TALL, 280 POUNDS, WITH BLACK HAIR.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

SIGNED AND DATED at Bonney Lake Washington, on March 23, 2022

Fees:                                $60.00

_____

Aaron Hayes
WA RPS 28108

Apex Legal Services
13300 Bothell Everett Hwy Ste. 303 - PMB 674
Mill Creek, WA 98012

ARN: 6813849
CRN: 6011481571