UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC CARRAWAY SR., <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT, INC., ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, and GORDON, AYLWORTH, & TAMI, P.C., <br><br> Defendants. | NO.  2:23-cv-00975-JHC <br><br> **JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to this Court's July 21, 2023 Order (dkt. #9), the parties submit the following Joint Status Report and Discovery Plan:

1. **Nature and Complexity of Case**

The parties do not believe this case to be complex. Plaintiff brings the underlying action alleging statutory violations of the federal Fair Debt Collection Practices Act ("FDCPA"),  15 U.S.C. §1692 *et seq.*, and the Washington Consumer Protection Act, as invoked by the Washington Collection Agency Act) as a result of collection actions taken by Defendants, concerning a debt allegedly owed by Plaintiff.

Defendant Midland Credit Management, Inc. ("Midland") will assert various defenses as laid out in its Answer.

Defendant Absolute Resolutions Investments, LLC ("ARI") will assert various defenses as laid out in its Answer.

Defendant Gordon, Aylworth, & Tami, P.C. ("GAT") will assert various defenses as laid out in its Answer.

**2. Proposed Deadline for Additional Parties**

The parties propose November 3, 2023.

**3. Consent to Magistrate Judge**

The parties have discussed the matter and will not consent to a Magistrate Judge for trial.

**4. Discovery Plan**

    **a. Initial Disclosures**

The parties will exchange their initial disclosures by August 18, 2023, pursuant to this Court's Order.

    **b. Subjects, Timing, and Potential Phasing of Discovery**

Plaintiff plans to conduct discovery regarding the underlying facts of the debt collection efforts, communications between the parties, the Defendants' defenses, and other related matters.

Defendant Midland plans to conduct discovery related to Plaintiff's claims and the facts underlying the claims, and plaintiff's alleged damages.

Defendant ARI plans to conduct discovery related to Plaintiff's claims and alleged damages.

Defendant GAT plans to conduct discovery related to Plaintiff's claims and alleged damages.

     **c. Electronically Stored Information**

The parties do not anticipate that the production of ESI will be relevant in this case.

     **d. Privilege issues**

To the extent discoverable but confidential information may be sought, the parties will discuss an appropriate stipulated protective order and/or an *in camera* review by the court, if necessary. The parties do not anticipate many privilege issues but will assert objections as appropriate.

     **e. Proposed limitations on discovery**

The parties do not presently believe that any changes to the federal discovery rules are needed.

     **f. Need for discovery-related orders**

The parties do not foresee a need for such orders at this time, but may seek protective orders if an unresolvable dispute arises.

**5. Local Civil Rule 26(f)(1) Items**

  **(A)  Prompt Case Resolution**

     The parties are willing to discuss settlement in good faith.

  **(B)  Alternative Dispute Resolution**

     The parties are willing to consider ADR.

  **(C)  Related Cases**

     None known to the Parties.

  **(D)  Discovery Management**

JOINT STATUS REPORT - 3
2:23-cv-00975-JHC

At this time, the parties do not expect significant or protracted discovery. The parties agree to cooperate in a manner that minimizes expenses while preserving each side's ability to assert their claims and defenses.

    **(E)**   **Anticipated Discovery Sought**

The parties anticipate written discovery and depositions.

    **(F)**   **Phasing Motions**

Not at this time.

    **(G)**   **Preservation of Discoverable Information**

The parties do not anticipate any issues preserving discoverable information.

    **(H)**   **Privilege Issues**

Same as 4(d) above.

    **(I)**   **Model Protocol for Discovery of ESI**

The parties do not anticipate that the production of electronically-stored information will be relevant in this case.

    **(J)**   **Alternatives to Model Protocol**

None at this time (see above).

**6. Date for Discovery Completion**

The parties propose March 29, 2024.

**7. Bifurcation of Liability and Damages Issues or Other Issues**

At this time, the parties do not believe that the case should be bifurcated.

**8. Pretrial Statements and Pretrial Order**

The parties suggest that the pretrial statements and the pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 may be dispensed with in whole or in part for economy.

**9. LCR 39.2 Individualized Trial Program/ADR per LCR 39.1**

The parties do not agree to an Individualized Trial Program. The parties are willing to consider ADR options under LCR 39.1.

**10. Other Suggestions for Shortening or Simplifying the Case**

None at this time.

**11. Trial Readiness**

The parties propose June 19, 2024.

**12. Jury / Non-Jury Trial**

The parties request a non-jury trial.

**13. Number of Trial Days Required**

The parties estimate one day.

**14. The names, addresses, and telephone numbers of all trial counsel.**

For Plaintiff:

Jason D. Anderson
T. Tyler Santiago
Anderson Santiago, PLLC
207B Sunset Blvd. N.
Renton, WA 98057
206-395-2665

For Defendant Midland:

Garrett S. Garfield
Holland & Knight LLP
601 Southwest 2nd Avenue, Suite 1800
Portland, OR  97204
503.517.2931

For Defendant ARI:

Brit J. Suttell
Barron & Newburger, P.C.
6100 219th St. SW, Suite 480

JOINT STATUS REPORT - 5
2:23-CV-00975-JHC

Mountlake Terrace, WA  98043
484.999.4232

For Defendant GAT:

Brit J. Suttell
Barron & Newburger, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA  98043
484.999.4232

### 15. Trial Scheduling Conflicts

Plaintiff's counsel does not have any scheduling conflicts at this time.

Counsel for Midland does not have any scheduling conflicts at this time.

### 16. Service Status

Defendants have been served.

### 17. Scheduling Conference

The parties do not request a scheduling conference before the court enters a scheduling order in this case.

### 18. Corporate Disclosure Statement

Defendant Midland previously filed a corporate disclosure statement in this matter on July 7, 2023.

Defendant ARI previously filed a corporate disclosure statement in this matter on June 30, 2023.

Defendant GAT previously filed a corporate disclosure statement in this matter on June 30, 2023.

**Dated this 2nd day of August, 2023**

**ANDERSON SANTIAGO, PLLC**

By: /s/ Jason D. Anderson
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiff
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

**Dated this 2nd day of August, 2023**

**HOLLAND & KNIGHT LLP**

By:  */s/ Garrett S. Garfield*
Garrett S. Garfield, WSBA No. 48375
601 SW 2nd Ave., Suite 1800
Portland, OR 97204
(503) 243-2300
garrett.garfield@hklaw.com

*Counsel for Defendant Midland Credit Management, Inc.*

**Dated this 2nd day of August, 2023**

**BARRON & NEWBURGER, P.C.**

By:  /s/  Brit J. Suttell
Brit J. Suttell, Esquire
WSBA #60371
6100 219th St. SW
Suite 480
Mountlake Terrace, WA  98043
(484) 999-4232
britjsuttell@bn-lawyers.com
Counsel for Defendants Absolute Resolutions Investments, LLC and Gordon Aylworth & Tami, P.C.